IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DEWANDA CROCHRELL,**

**Plaintiff,**

**v.**

**ILLINOIS DEPARTMENT OF TRANSPORTATION,**

**Defendant.**                                         **No. 03-CV-870-DRH**

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Before the Court are several motions in limine submitted by Defendant, the Illinois Department of Transportation ("IDOT" or "Defendant"). (Docs. 61, 62, 63.) The Court considers these motions in turn, below.

### I. IDOT's First Motion in Limine

#### A.   Jan Fuller-Johnson's Testimony

First, Defendant argues that Plaintiff Dewanda Crochrell ("Plaintiff") should be precluded from proffering opinion testimony from departmental investigator Jan Fuller-Johnson. Defendant premises this argument on its conclusion that Ms. Fuller-Johnson is an expert witness, and that Plaintiff has not

(1) met the requirements of **Federal Rule of Civil Procedure 26(a)(2)**, (2) laid a proper foundation as to Ms. Fuller-Johnson's background and qualifications, or (3) established that Ms. Fuller-Johnson's testimony will assist the trier of fact. (Doc. 61, pp. 4-10.)

It is unclear whether Defendant seeks to exclude Ms. Fuller-Johnson's written report, her oral testimony, or both. Indeed, in its motion Defendant refers both to questions it anticipates Plaintiff will ask Ms. Fuller-Johnson and Ms. Fuller-Johnson's written report. (*See* Doc. 61, pp. 4-9.) To the extent Defendant seeks to exclude Ms. Fuller-Johnson's written testimony, Ms. Fuller-Johnson was its agent during the incident in question, and therefore the admissibility of her written testimony must be considered in light of **Federal Rule of Evidence 801(d)(2)(D)**. That rule provides that "[a] statement is not hearsay if — . . . [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." **Fed. R. Evid. 801(d)(2)(D)**. In Seventh-Circuit employment-discrimination cases, "the declarant must be involved in the decision making process affecting the employment action involved (i.e., the declarant must be in management or in the company personnel function) in order for his statements to qualify as having been made within the scope of his employment." ***Aliotta v. Amtrak*, 315 F.3d 756, 762 (7th Cir. 2003)**; *see also **Allen v. Chicago Transit Auth.*, 317 F.3d 696, 700 (7th Cir. 2003)**.

Here, Ms. Fuller-Johnson was indeed involved in the decisionmaking process affecting the relevant employment action. As Defendant's investigator, she was responsible for making personnel findings impacting Plaintiff employment and determining whether Plaintiff was treated improperly. Her report, further, was completed pursuant to her duties as an investigator. For these reasons, Ms. Fuller-Johnson's written report is admissible, and any objection to the admissibility of that document is denied.[1] To the extent, further, that Defendant seeks to exclude other aspects of Ms. Fuller-Johnson's testimony, including potential "expert" testimony, that motion is denied at this time. While it would clearly be improper for Ms. Fuller-Johnson to directly instruct the jury on the appropriate law that governs in this case, Defendant's motion appears to relate to a much broader range of testimony. (*See, e.g.*, Doc. 61, p. 4-9.) Ms. Fuller-Johnson, for example, can testify about the investigation she conducted on Defendant's behalf; Defendant would seemingly require Plaintiff to qualify her as an expert before doing so. (*Id.*) The Court declines to adopt that position, and accordingly **DENIES** Defendant's motion at this time.

### B. Defendant's Internal Investigatory Documents

---

[1] Alternatively, Ms. Fuller-Johnson's report is admissible under **Federal Rule of Evidence 803(8)(C)**, which allows in "[r]ecords, reports, statements, or date compilations, in any form, of public offices or agencies, setting forth . . . , in civil cases and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." *See **Beech Aircraft Corp. v. Rainey**, **488 U.S. 153, 170 (1988)***; Jack Weinstein & Margaret Berger, *Weinstein's Evidence Manual* § 16.08 (2005).

Second, Defendant argues that documents associated with Ms. Fuller-Johnson's investigation and the proceedings involving Defendant's Civil Rights Committee should be excluded. (Doc. 61, pp. 10-19.) The Court **DENIES** this motion, for the reasons noted above. *See* **Fed. R. Evid. 801(d)(2)(D)**; **Fed. R. Evid. 803(8)(C)**.

### C.     Evidence Regarding Underutilization of Minorities

Third, Defendant argues that data that it compiled in underutilization charts describing the employment of women and African Americans in District 8 is inadmissible both because Plaintiff has not disclosed an expert capable of providing "necessary foundation" and because it is irrelevant. (Doc. 61, p. 16.) Neither of these concerns are valid. Under the hearsay exception for public records, foundation testimony from a custodian or other qualified witness is not required in order for records from a public agency to be admitted. **Fed. R. Evid. 803(8)**; *cf.* **Fed. R. Evid. 803(6)**; *see also* Jack Weinstein & Margaret Berger, *Weinstein's Evidence Manual* § 16.08 (2005). Thus, no expert is necessary here. Further, as the Seventh Circuit has held, while statistics cannot be the "primary means of establishing discrimination in disparate treatment situations," they can be used in conjunction with other evidence of disparate treatment. ***Bell v. Environmental Prot. Agency*, 232 F.3d 546, 553 (7th Cir. 2000)**. "[S]ystematic disparate treatment," that is, "is relevant to and probative of the issue of pretext even when it is insufficient to support a pattern and practice disparate treatment case." *Id.* Such is the case here. The

statistics revealed by the underutilization charts in question are probative of the question of pretext. They are not unfairly prejudicial. **Fed. R. Evid. 403**. Defendant's motion is thereby **DENIED**.

## II.  IDOT's Second Motion in Limine

In its second motion in limine, Defendant seeks to bar "the introduction of any testimony, evidence, or documentary evidence concerning the findings and conclusions made by Arbitrator Herman Terosian," or, alternatively, Defendant seeks an order prohibiting Plaintiff from "making reference to the Arbitrator's comments relating to IDOT employee Blair Chamness." (Doc. 62, p. 1.) Plaintiff does not respond to this motion. The Court **GRANTS** Defendant's motion. (Doc. 62.) The arbitrator's ruling — which was based on the terms set forth in the relevant collective bargaining agreement — has no bearing in this matter, and would only provide a source of confusion and potential prejudice for the jury. This evidence is thus both irrelevant and unduly prejudicial. **Fed. R. Evid. 401, 402, 403**.

## III.  IDOT's Third Motion in Limine

In its third motion in limine, Defendant seeks to bar "the introduction of any evidence, testimony, or arguments concerning the process by which Don Sonnenberg and Jeff Berry obtained their positions from [Defendant]." (Doc. 63, p. 1.) Plaintiff does not respond to this motion. The Court **GRANTS** Defendant's motion. (Doc. 63.) Neither Mr. Sonnenberg's or Mr. Berry's political affiliation, nor the process by which either individual came about his employment is relevant to the

issues in this case. **Fed. R. Evid. 401, 402**.

    **IT IS SO ORDERED**.

Signed this 14th day of April, 2006.

/s/      David RHerndon
**United States District Judge**
